IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS MAYA-GONZALEZ,

    Petitioner,

vs.

CIVIL ACTION NO.: CV214-057

SUZANNE R. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlos Maya-Gonzalez ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Petitioner's petition should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner is serving 108 months' imprisonment after his conviction for conspiracy to possess with the intent to distribute at least 900 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Petitioner has a projected release date of August 11, 2018, via good conduct time release, to be followed by four (4) years' supervised release. (Doc. No. 8-2, pp. 1–3).

In this petition, Petitioner contends that he has been denied admission to the Residential Drug Abuse Program ("RDAP") arbitrarily. Petitioner asserts that the

Bureau of Prisons ("BOP") excluded him from participation in the RDAP due to "a supposed lack of documentation" to support his claim of alcohol abuse. (Doc. No. 1, p. 1). Petitioner contends that the BOP is in violation of its own "eligible prisoner" policy and well-established law concerning the eligibility of inmates seeking admission into the RDAP.

Respondent alleges that BOP staff determined that Petitioner did not have the requisite verifiable documented history of substance abuse and was not eligible for participation in the RDAP. Respondent asserts that Petitioner is eligible for the Non-Residential Drug Abuse Program ("NRDAP") and is on the waiting list to begin participation in that program.

I. **The Residential Drug Abuse Program ("RDAP")**

18 U.S.C. § 3621(b) requires that the BOP "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the BOP has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes an RDAP during his current confinement. 18 U.S.C. § 3621(e)(2)(B). The majority of the litigation surrounding 18 U.S.C. § 3621(b) pertains to a prisoner's eligibility for early release after completion of the RDAP. Conversely, the issue of eligibility for entry into the RDAP has resulted in far less litigation, and a review of what does exist reveals that there is simply no well-settled controlling case law on the subject.

The statute and its accompanying federal regulations indicate that the BOP has the sole authority to determine which prisoners should participate in the RDAP. Congress clearly stated that the BOP is to provide substance abuse treatment to those prisoners whom "the Bureau determines" have treatable substance abuse conditions. Federal regulations likewise indicate that the BOP has substantial discretion and authority to assign prisoners to substance abuse programs. See 28 C.F.R. § 550.53 (allowing BOP staff to make appropriate drug education/treatment referral following an interview and record review for a verifiable substance use disorder); 28 C.F.R. § 550.53(e) (the Drug Abuse Program Coordinator "DAPC" decides whether to place inmates in RDAP).

## II. Criteria of a "Substance Abuse Problem"

The BOP's interpretation of a statute that it is entrusted to administer is entitled to considerable weight unless it is arbitrary, capricious, or contrary to the statute. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). Moreover, discretion is likewise appropriate even when "the Bureau's interpretation appears only in a 'Program Statemen[t]' – an internal guideline – rather than in 'published regulations subject to the rigors of the Administrative Procedur[e] Act, including public notice and comment.'" Reno v. Koray, 515 U.S. 50, 61 (1995) (citation omitted). However, despite its broad discretion over the substance abuse treatment program and similar statutorily-created programs, the BOP must act within the confines of its statutory authority in order to survive judicial review. It is clear that 18 U.S.C. § 3621(b) does not set forth any criteria to guide the BOP's determination of whether an inmate has a "substance

AO 72A
(Rev. 8/82)

abuse problem." Thus, the question here is whether the specific criteria used by the BOP to make the determination are permissible.

BOP Program Statement 5330.11 establishes that an inmate may be admitted to the RDAP by making a request to a staff member, usually a member of the RDAP unit team or the DAPC. Program Statement 5330.11, Ch. 2, § 2.5.8. Upon completion of the psychology intake screening, the psychologist "will refer inmates with a substance use history and an interest in treatment to the institution's DAPC. The DAPC will further screen the inmate for the RDAP or for referral to the non-residential drug abuse program or the drug education course." Id. at § 2.5.8(d)(1). If the DAPC assigns a RDAP referral, "the [Drug Treatment Specialist] will review an inmate's Central File and other collateral sources of documentation to determine" whether: an inmate has sufficient time remaining on his sentence (usually 24 months); there is documentation verifying the inmate's use of specific drugs, including alcohol; and a pattern of substance abuse or dependence is established through verification. Id. at § 2.5.8(d)(2). Examples of "other collateral documentation" can include documentation to support a substance abuse disorder within the 12-month period before the inmate's arrest; documentation from a probation officer with information verifying the inmate's substance abuse problem within the 12-month period before the inmate's arrest; or documentation from a substance abuse treatment or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the arrest. Id..[1] This Program Statement contains a note that "Recreational, social, or occasional use of alcohol and/or other drugs that does not rise to the level of excessive or abusive

---

[1] These are only examples and are not meant to be exhaustive of "collateral sources of documentation."

4

drinking does not provide the required verification of a substance use disorder. Any verifying documentation of alcohol or other drug use must indicate problematic use[.]" Id..

Dr. Joshua Childers, the Residential Drug Abuse Treatment Coordinator at the Federal Correctional Institution ("FCI") in Jesup, Georgia, stated that Petitioner first requested to participate in the Spanish-speaking RDAP program at FCI Miami. Childers noted that Petitioner's request was denied because he is sufficiently proficient in English and did not require placement in the Spanish only RDAP program. Childers also noted that Petitioner appealed this denial, and during the time Petitioner's appeal was occurring, Childers reviewed Petitioner's eligibility for the RDAP program. Childers further noted that his review revealed that Petitioner did not meet the eligibility requirements for the RDAP, which mooted his appeal of the denial of his entry into the Spanish only RDAP. (Doc. No. 8-1, p. 6). Childers specifically noted that he reviewed Petitioner's Pre-Sentence Investigation Report, and Petitioner denied any drug abuse within a year before his arrest. Childers declared that Petitioner's last report of marijuana use was ten (10) years prior to his arrest. Childers also declared that he instructed Petitioner to provide more documentation to substantiate his claim of a substance abuse problem for the year preceding his arrest and/or to enroll in the NRDAP for treatment. (Doc. No. 80-2, p. 41).

III. **Whether the determination that Petitioner was not eligible for the RDAP was an abuse of discretion**

In determining whether Petitioner was eligible for the RDAP, Childers looked to the information in Petitioner's central file. As noted above, Childers found that there was no evidence in Petitioner's central file which supported any claim that he abused

5

drugs in the year prior to his arrest. (Doc. No. 8-2, p. 41). The undersigned notes Petitioner's contention that he formally acknowledged having a substance abuse problem in front of the sentencing judge and probation officer. (Doc. No. 1, p. 7). However, there is nothing before the Court to support this contention. Instead, Petitioner's attorney submitted a sentencing memorandum to the trial court judge, which stated:

> Mr. Maya-González admitted consuming alcohol socially since age 25, but first experimenting with marihuana at age 14, last smoking about 10 years ago. He also admitted to having experimented with cocaine at age 16 or 17, and then as an adult during social gathering on weekends. He also admitted to having experimented with Percocet (Oxycodone) at age 38. He disclaimed ever having experimented with any other type of controlled substance. Nevertheless he would greatly benefit and should be recommended to received (sic) a Drug Treatment Program[.]

(Case No. 10-CR-378-05, Doc. No. 506, p. 8) (D. P.R.). These admissions do not appear to support Petitioner's contention that he suffered from any sort of drug or alcohol abuse problem prior to his arrest. The sentencing judge recommended in his judgment that Petitioner be allowed to participate in the 500-hour drug treatment program, "if he qualifies[.]" (Id. at Doc. No. 510, p. 2).

Childers' determination that Petitioner was not qualified for entry into the RDAP was not an abuse of discretion. Childers' determination was based on the verifiable documentation, or the lack thereof, which did not establish a pattern of substance abuse or dependence, as noted in § 2.5.8(2) of Program Statement 5330.11. (Doc. No. 8-2, p. 41). Childers concluded that Petitioner did not have any proper documentation to support an assertion that he abused or was dependent upon alcohol or any other drug, yet he was provided with his options to volunteer for the NRDAP or to submit other forms of documentation. This is the requirement set forth in § 2.5.8(3) of this Program

Statement. (Doc. No. 8-1, p. 7). Petitioner was offered entry into the NRDAP, and he is on the waiting list for admission into that program. (Id.). The undersigned cannot conclude that Childers' determination that Petitioner was not qualified for entry into the RDAP was arbitrary or capricious, as this determination was based on the evidence before him, as applied to the criteria set forth in Program Statement 5330.11. Petitioner has presented no evidence that the BOP's interpretation of 18 U.S.C. § 3621 is arbitrary, capricious, or contrary to that statute. Petitioner is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of July, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)